This is Judge Gould again presiding and I thank my colleague Judge Rawlinson and also our visiting colleague Judge Zips for sitting today on these cases. We appreciate the lawyers appearing remotely. The next case on our docket is Murray v. Howell set for 15 minutes per side and for the appellant we have Ms. Prillick and so if you'd like to make a rebuttal do your best to try to stop before all your time is gone but I've sort of shown myself to be a bit of a softy and presiding so if you are or your friend on the other side of these need an extra minute or two and you ask me for it I'll give it. We'll proceed with the appellant's argument now please. Thank you your honor it may please the court Jessica Prillick on behalf of respondents appellants. With the court's permission I would like to try to reserve four minutes for rebuttal and I will do my best to watch the clock. This case involves two claims from Stephen Murray's amended petition. Ground one which I'll be referring to as his waiver claim and ground two three which I'll be referring to as his appellate counsel claim. And although the procedural process that brings us here today is complex the errors themselves are clear. Mr. Murray never fairly presented the substance of his appellate counsel claim during the first state habeas proceeding. In fact that claim was procedurally defaulted during his second state habeas proceeding which was a fact that Mr. Murray never disputed. The district court erred when it sua sponte reversed its original decision dismissing the appellate counsel claim with prejudice after only after applying in an analysis that no party ever requested nor set forth. But even if the district court's new decision were correct the court still erred when it concluded that appellate counsel warranted relief both on the merits and that it established cause to overcome the default of the waiver claim. And it's going to be for those reasons that respondents will request that the court reverse the district court's decision. Counsel just procedurally so that I am oriented as to where we are in your argument. So the first claim was the ineffective assistance of trial trial counsel. Ground one of the petition is what has been designated as the jury trial waiver claim. Of the stipulation. For the stipulation. So it's the merits of it as opposed to the ineffective assistance on that claims. Correct. It's the merits so so ground one is the merits of the stipulation. Right whether it was a valid waiver. Okay and then that you're saying that that ground was procedurally barred in the second appeal to the Nevada Supreme Court. Yes your honor. Ground one it was never disputed was procedurally defaulted during successive and untimely post-conviction proceedings. Now where in the record is the Supreme Court ruling that this was procedurally defaulted and successive? It would be from. Untimely I think you said untimely and successive correct? Correct it would have been untimely and successive and I apologize your honor I don't believe I have that written down in front of me but I can find it. It's very important I would think you would have that when you came here but I I can find it. I just thought you would have it at the top on the top of your off the top of your head. Okay. Well you're the and perhaps I can explain why that was not at the top of my at the top of this argument. The issue here that I'm bringing before the court is whether the district court erred in finding that the ground three the appellate counsel claim the ineffective assistance of appellate counsel claim established cause to overcome the default of the waiver claim. You first have to find the default of the of the waiver claim before you get to whether or not that default can be set aside. So that's the two are intertwined actually. Correct your honor but the wait but the there was no dispute between the parties that the waiver claim was defaulted and the only question. Where in the record did the opposing side admit that the first claim was procedurally defaulted? Um in the opposition to the motion to dismiss at it would be around 720 to 721 of the record. All right. It's where um and I apologize your honor it is where Mr. Murray asserts that he can establish cause to overcome the default of his waiver claim by relying on the ineffective assistance of trial counsel not appellate counsel. Well that's what I thought I thought trial counsel was that was the issue not the merits of the stipulation but the fact that trial counsel was ineffective in in agreeing to that. Correct and so there was a separate claim of ineffective assistance of trial counsel for agreeing to the stipulation and then a substantive claim alleging an an involuntary and invalid waiver of the jury trial what right and that was the substance of ground one. Is it your position that the ineffective assistance of trial counsel is not before us on appeal? That is correct your honor and the district court denied relief on the ineffective assistance of trial counsel claim. The district court ultimately granted relief after um after utilizing relying on the ineffective assistance of appellate counsel to overcome the default of the waiver claim itself and so what happened in this case is Mr. Murray asserts for the first time in his pro in his asserts in the dist in the state district court in his pro se petition that appellate counsel is ineffective for failing to assert obvious issues of ineffective assistance of trial counsel. That was the way Mr. Murray framed his argument during his pro se proceedings when he came to the that appellate counsel was ineffective for not challenging the stipulation itself. At that time respondents had moved to dismiss the district court granted the motion finding that that claim was unexhausted. The appellate counsel claim was unexhausted. Mr. Murray returns to state court and in his second state habeas proceedings asserts the claim that appellate counsel was ineffective for not challenging the substance of the waiver for the first time. At that time it is procedurally defaulted. When Mr. Murray asserts it in an amended petition he identifies this claim the appellate counsel claim as a claim that was exhausted during his second state habeas proceeding and he was correct about that. Counsel is it your position that the claim for ineffective assistance of appellate counsel is procedurally defaulted? Yes your honor it is. And on what basis do you say that claim is procedurally defaulted? Because Mr. Murray never asserted the ineffective assistance of appellate counsel for failing to challenge the waiver during his first state habeas first state habeas proceeding. So in the record at ER 1340 is where Mr. Murray asserts that in his first petition in the state court that appellate counsel was ineffective for failing to raise significant and obvious issues of ineffective assistance of trial counsel on direct appeal. Then when Mr. Murray comes back to the federal court for the first time he asserts that as his claim that appellate counsel is ineffective for failing to raise a claim regarding the illegal stipulation. That was not how he asserted it during his first state habeas proceeding and at that time the district court acknowledged that in an order dismissing that claim or I'm sorry finding it unexhausted and that was at ER 79 and 82. Exhaustion and procedural default are two different concepts but what I wanted to ask you is do we have a ruling from the state court that the ineffective assistance of appellate counsel is procedurally barred? We do your honor it is it is during his second state habeas proceeding and I apologize your honor that I can't I cannot find the the record citation but it was during the second state habeas proceeding. I'm surprised counsel that you these are all matters that we have to sort out the procedural history in state court is pivotal to deciding a habeas case so it would be really helpful if you could direct us to the to the record where we can confirm that the state court said that this was procedurally barred that's the that's the crux of the case. Your honor the crux I would I would point your honor to the fact that during during the motion to dismiss proceedings regarding Mr. Murray's amended petition it was the position of Mr. Murray and the respondents and ultimately the district court that ground three was not presented during his during his first state habeas proceeding. That's an exhaustion issue a procedural default is different because if he could later go back and present that to the state court it's not procedurally barred. So saying that a claim is unexhausted is not the same as saying it's procedurally barred. It was unexhausted it was found to be unexhausted during the first motion to dismiss. During the second motion to dismiss proceeding is when Mr. Murray assert Mr. Murray asserts that he can overcome the default by relying on Martinez and respondents respondents argued respondents argued that ground three the appellate counsel claim was unexhausted or I'm sorry procedurally defaulted and what Mr. Murray argued is that he could overcome the default of the appellate counsel of his first claim his waiver claim based on Martinez versus Ryan. He never disputed the respondent's position that ground three was a procedurally defaulted claim as well. And the record counsel that he did not dispute that ground three was procedurally defaulted. First he identifies this as a claim that was only exhausted during his second state habeas proceeding at ER 768. When respondents moved to dismiss for procedural default purposes on the basis of procedural default he does not identify any basis for any opposition and he does not identify any cause to overcome the default at ER 720 to 721. When the court dismisses the appellate counsel claim it does so with prejudice because it is procedurally defaulted at ER 65. And your honor. But the court then revisited that ruling right? The court revisited that ruling without input from either party prior to revisiting the ruling. But isn't a court authorized to revisit a ruling before it becomes final? The court has the authority to revisit the ruling but when it results in a decision that is incorrect that is where this error arises. Because the district court goes back to the first state habeas proceeding to determine whether Mr. Murray asserts his ineffective assistance of appellate counsel claim and determines that he does. But the district court relies on information that he obtained during the evidentiary hearing on ground three regarding Mr. Murray's knowledge of the stipulation and understanding of the stipulation. And so the district court also reviews this he the district court reviews Mr. Murray's pro se petition and expansively interprets it in a way that none of the parties had ever done including Mr. Murray himself. Mr. Murray repeatedly during his first state habeas proceeding asserted that he was challenging appellate counsel's effectiveness for failing to challenge trial counsel's effectiveness. He states that at 1200 he states that at 1190 1200 and 1205. The Nevada Supreme Court reads that claim that Mr. Murray asserts in his pro se petition as exactly how he presents it that he is asserting appellate counsel is ineffective for not challenging trial counsel's performance and that's at er 94. I'm Ms. Berwick could I sort of interrupt you but if I could interject something I think initially you said you wanted to have four minutes of rebuttal you're down to about a minute. So to kind of save some time what I suggest is on questions that you've received from Judge Rollinson or any other judge requesting sites to the record that you did don't have today that within the next two days you provide those sites to the court. I don't need I don't need anything else from counsel okay okay well then you don't need to do that but do you want to have four but your honor I will reserve time think whatever is left what well only seven 16 sentences I but I'll give you uh three minutes for rebuttal so you can plan on that thank you you know we'll proceed now to Mr. Barron. Good morning your honors and may it please the court Jeremy Barron on behalf of Stephen Murray. So the underlying claim that we have here is the Sixth Amendment jury trial waiver claim and there's no dispute between the parties in this appeal but that is a winning claim that the stipulation improperly waived Mr. Murray's right to a jury trial and particular homicide charge without his informed Mr. Barron Mr. Barron I have a question for you on page 45 of your brief you say the parties agree that this threshold issue boils down to a single question did Mr. Murray fairly present a corresponding appellate counsel ineffective effectiveness claim in state court in his first state post-conviction proceedings if the panel concludes that he did not is your case over it's not because we also have a trial counsel ineffectiveness default argument that is a separate and independent basis for affirmance that the ground two issue that's right so that issue provides well ground two is that part of this appeal yes it is so uh in our answering brief we described the appellate counsel ineffectiveness default argument which is a way to avoid the default of the jury trial waiver claim and we also explained the trial counsel ineffectiveness argument and those are arguments that we presented to the district court but the district court district court did not recognize a viable claim for ineffective assistance of trial counsel did it so it did not grant relief on the trial counsel ineffectiveness claim and the reason for that is because it was looking at that claim through the d and deciding whether the state court's decision on that claim was reasonable or unreasonable for the purposes of section 2254 d but when we're relying on that trial counsel effectiveness claim as a default argument as a procedural way to get to the merits of the jury trial waiver claim that's de novo review before we get there counsel what case says that we can rely on a defaulted claim to excuse a default we're not asking the court to rely on a defaulted claim to excuse the default we recognize you're asking us to rely on a defaulted claim to do what well our position is that the ineffective assistance of trial counsel claim is not defaulted and there's no dispute between the parties about that and so that trial counsel ineffectiveness argument on de novo review is maybe the most straightforward path to affirm i thought opposing counsel said exactly the opposite that the trial counsel ineffectiveness claim the parties agreed that it was defaulted procedurally defaulted i i have not seen an argument from opposing counsel that the trial counsel claim is defaulted that's a claim that indisputably mr murray raised in his first state post-conviction proceeding and the nevada supreme court explicitly ruled on that claim on the merits in those first state post-conviction proceedings so that is an exhausted claim it is not defaulted it is an available default argument in federal court and fully briefed and raised the issue i don't understand what you mean when you say it's a default argument what what what are you what are you saying when you say that's a default argument that the ineffective assistance of mr murray's trial attorney for entering the stipulation and waiving the jury trial right without mr murray's informal consent but that argument provides cause to excuse the procedural default of the jury trial right so and there's that ineffectiveness argument what case says ineffectiveness of trial counsel and that's the question i asked you before what case says ineffectiveness of trial counsel can be used to ineffectiveness of appellate counsel can be used to um to resurrect a ineffective a trial counsel claim but i'm not aware of a case that says trial counsel ineffectiveness can be used to resurrect a claim what what case are you relying on for that so um there's a series of supreme court cases including murray versus carrier fullman versus thompson the edwards case that we are opposing counsel have cited in our briefs that talk about trial counsel ineffectiveness as a cause argument in the procedural default context we've also cited some circuit court cases where trial counsel ineffectiveness is the cause to excuse the procedural default there's the case from the ninth circuit we've also cited some cases from outside of the circuit that are fairly factually similar one of those would be the owens case out of the first circuit another one would be the wrinkles case out of the seventh circuit so counsel what's your strongest case in the ninth circuit to support your argument that the ineffectiveness of trial counsel can serve as a basis to excuse default what's what's your strongest ninth circuit case so this is a case that relies on trial counsel what's your strongest is that your strongest case out of the ninth circuit yes um there's also is that citing your brief i don't need any i want your strongest case so we can discuss it and is that cited in your brief yes that case is cited in our i'll look at it and then we can talk about it sure absolutely go ahead though so again there's two default arguments two arguments we have to provide cause to excuse the procedural default the jury trial waiver the trial counsel ineffectiveness argument and the appellate counsel ineffectiveness argument with the trial counsel ineffectiveness argument i think the parties agree that is an exhausted claim and not defaulted so it is an available argument to excuse the default and there's no dispute from opposing counsel that the trial attorney provided efficient performance by entering the stipulation without the client's informed consent and there's no dispute that we've shown prejudice as well because it's reasonably probable mr murray would have rejected the stipulation and insisted on his jury trial rights if he had understood at the time what was going on with the stipulation and so the trial counsel argument there's really not a lot of dispute among the parties when it comes to this particular cause argument we've shown deficient performance we've shown prejudice the trial attorney is responsible for causing this constitutional violations again with failing to litigate it properly and conduct the stipulation properly in the trial court and the ineffective assistance of the trial attorney provides an to overcome the procedural default of the jury trial right now we also have the appellate counsel argument the appellate attorney provided ineffective assistance on direct appeal and that also provides a separate and independent basis to show cause and overcome the default of the jury trial if it was exhausted if it was exhausted and it was exhausted the district court correctly reconsidered its previous erroneous ruling and came to the correct conclusion that mr murray exhausted that claim in his first state post conviction procedure that's really a matter of looking at the first petition and the state habeas action and what uh the petitioner actually alleged in that petition to see if he fairly stated this this claim for the waiver that's right and i let me take this opportunity to walk through that a little bit but before i do i want to emphasize at the outset that mr murray was pro se during his state post conviction proceedings he repeatedly asked for a lawyer to have assistance in correctly raising all of these complicated issues and ultimately the state courts did not give him a lawyer and when a client is pro se during state post conviction proceedings the federal courts will take a more lenient view of the exhaustion analysis that's the same way that federal courts usually treat pro se clients there's a liberal construction approach and you give the benefit of any doubt or any ambiguity in this case it wasn't just a liberal construction of the claims that were presented to the federal court the district court went back to what was presented to the state court and liberally construed those claims in a way that none of the state courts had done is that a fair statement that's a fair statement and that's in particular the kaiser case that we've cited says that when a federal court is looking at state pleadings prepared by a pro se client the same typical rules of liberal construction apply to determine whether exhaustion is satisfied whether the pro se petitioner has fairly presented the claim looking at the pleadings liberally but let me walk through why the district court correctly concluded mr. murray raised this claim in his first state post so in his petition he files a he has a trial counsel in effect in this claim involving the stipulation there's no dispute that that claim is exhausted in fact in the vast supreme court rule about merits that's at 6 er 13 35 to 36 then he has his that's ground one at brett then he has ground to his appellate council claim which is at 6 er 13 40 to 41 and there's three sub claims under that a b and c so a i'm paraphrasing says my appellate lawyer was ineffective for not raising my trial counsel in effect he cross-references those trial counsel and effectiveness claims including 1f the claim about the stipulation then subclaim b says the appellate lawyer's failure to raise clearly meritorious issues on direct appeal constitutes ineffective assistance counsel and then subclaim c where what he says there is that appellate counsel's failure to point to issues of arguable merit warrants reinstatement of direct appeal for consideration of those issues when raised in a pro se post conviction proceeding and the way i read that is if i'm raising any claims that should have been raised on direct appeal i'm challenging my appellate lawyers in effectiveness for failing to raise those issues now in the answer uh that the state just to be clear to come up with the claim that that trial counsel was ineffective as with respect to this stipulation we have to interpret the failure to raise clearly meritorious issues on direct appeal to specifically refer to that jury trial waiver well i think that's a fair reading but i also the answer that the state files and then the reply that mr murray filed really helped clear things up but can we look for the reply to determine what issue he presented yes because uh when when you're looking at exhaustion you can look at opening pleadings as well as answering pleadings and uh reply pleadings to see how the claims have been litigated and presented in the state courts and in the answer the state says um if this is at 6 er 13 12 in as much as defendant claims the stipulation he entered into was illegal meaning you know if mr murray is challenging the legality of the stipulation directly which is equivalent to our jury trial right that claim is waived since he failed to raise it on direct appeal so in other words the state is reading mr murray's pleadings to include a substantive challenge to the stipulation and saying mr murray should have raised that issue and litigated it on direct appeal then in his reply uh three different times at 5 er 1278 and 1279 and 1282 mr murray essentially says yes i agree my appellate lawyer should have challenged us to raise these claims on direct appeal that's why i have an ineffective assistance of counsel claim so to quote directly one location he says respondent further argues certain grounds should have been raised on the direct appeal and are therefore barred this is directly related to petitioner's claim of ineffective assistance of counsel then he says although perhaps not properly framed in the petition petitioner is specifically telling this court that it was and is his intention to raise each of these issues within the penumbra of the 1282 he is talking about the state's argument that the stipulation challenge is waived because he failed to raise it on direct appeal he says defendant agrees with the state it should have been raised on direct appeal that's why defendant raised it under ineffective assistance of counsel so a fair read of all of the state court litigation and especially when viewed through the lens of mr murray as a pro se litigant fairly presented his appellate counsel ineffectiveness claim to the nevada state courts in the first state post conviction proceedings therefore that claim was exhausted and not defaulted in those proceedings and the district court properly relied on the appellate counsel argument as a cause argument to overcome the default of the jury trial waiver but again even if the panel has some question about that exhaustion issue the trial counsel allegations were certainly exhausted and not defaulted in the first state post conviction proceedings that is in separate and independent basis to serve as cause counsel if i could interject a question please as to the trial counsel ineffectiveness what's the evidence that was in the record that showed that if counsel had not waived a jury trial right that your client could have prevailed and could have won his case what was the substantive defense to the charges of driving out of the influence and causing the damage that was caused so i'm happy to answer the question i do see that i'm over my time but i would like to go ahead i think you can go over your time to answer any judge's question thank you i appreciate that so we're not arguing prejudice in the sense of a reasonable probability that the outcome of the trial would have been different we're that if mr murray had known that the stipulation was a sixth amendment jury trial waiver he would have vetoed the stipulation as was his right to do and would have insisted on a jury trial on all three counts and so it's sort of analogous to the prejudice that you would look at for a hill claim saying that my lawyer advised me to plead guilty and gave me bad advice and so i would have preferred to go to trial you know what i'm what i'm wondering though is if he'd gone to trial what did he have a substantive defense or would it just be hoping for jury nullification he would be hoping for 12 jurors to take a different view of the evidence than the judge and that's his right to do as a criminal defendant because it's the it's the defendant's choice whether to wait that jury trial or not just like it's the defendant's choice whether to be guilty viewing the thing as as he would want the jury to view it what was the evidence in that light so the the defense was essentially there was no impairment that he was lawfully taking the prescription medication that had been prescribed to him that they weren't affecting his ability to drive safely but again the prejudice analysis that we would ask the court to follow is is there a reasonable probability that if mr murray had known what this stipulation was what its effect was going to be is there a reasonable probability he would have invoked the jury trial right and we certainly were able to show that in the district court we've cited some cases in our brief that either okay that's what we'd ask thanks counsel you answered my question i appreciate it i think uh then we'll thank mr barron and let's judge wallinson and judge zips have something else for mr barron we'll proceed back to miss perlick and mr you get your rebuttal time thank you your honor um i was able to go back to the record and find that the nevada supreme court found mr murray's waiver claim to be defaulted during the second state habeas proceedings at er 70 to 71 that is also where the nevada supreme court finds that his of his appellate counsel claim related to that same waiver is successive and untimely and the court determines that he has established no cause or prejudice to overcome the default of either of those claims was that also at er 70 71 yes ma'am yes your honor when respondents moved to dismiss mr murray's appellate counsel claim and ground one at er 743 we were arguing that it was procedurally defaulted mr murray attempted to argue cause uh attempted to argue in opposition at 714 to 715 that martinez would establish cause to overcome the default of his waiver claim he also asserts that mart that davila is wrongly decided and that he should be allowed to rely on martinez to overcome the default of his appellate counsel claim related to that same waiver so at that time in the proceedings mr murray acknowledged that he had not exhausted that appellate counsel claim nor the waiver claim during his first proceeding because he was relying on cases that established cause to overcome procedural default and he did not argue in opposition to respondents position other than rely on martinez and turning to the issue of whether mr murray actually fairly presented the appellate counsel claim during his first state habeas proceeding counsel is correct that he continually states that he agrees with the with the state at that time but what he states in full is that he agrees which is why i said appellate counsel is ineffective not raising significant and obvious issues of ineffective assistance of trial counsel he does not at any point state that he is asserting the underlying claim while while pro se petitioners are entitled to have their pleadings read with a broader brush so to speak this flies and this construction flies in the face of castillo versus mcfadden which is which acknowledges that the petitioner needs to assert the facts and the and the appropriate constitutional violation that he is asserting and asserting as a claim for relief it also undermines um it undermines this court's decision in kelly versus small which establishes that ineffective assistance of counsel claims must be exhausted individually because of their the district court applied a reading that no party nor court had ever applied before and did so to establish the cause to overcome the default of a claim that no one disputed was defaulted miss brooke i'm sorry to say but you yes they're over your already extended time so i think i just have one question i'm sorry um on the er 70 71 council where in those two pages does it say that it covers both the iac claim for trial counsel and appellate counsel it is i'm sorry it is it is referring to mr murray's entirety of his second state habeas petition the petition itself was filed late and it was a second petition and therefore that finding applied to all claims raised for the first time in that petition and you're saying that petition raised both the ineffective assistance of trial counsel and appellate counsel the ineffective assistance of appellate counsel but not trial counsel before you said trial and appellate i apologize your honor if i misspoke i i intended to say the waiver and appellate council what is your response to the ground two argument that opposing council has made so like sorry judge zips i couldn't hear you council what the the response was to opposing council's argument that ground two provided a cause for waiver of the ground one claim um under murray versus the supreme court murray versus terry a um explained that cause refers to what um refers to the inability to to comply with procedural rules state procedural rules and that is not the cause that um i'm sorry trial council did not establish did not prevent mr murray from um complying with the state procedural rules and so it has been our position from the beginning that the trial council ineffectiveness would not have established cause overcome the default of this claim and is that part of the what this court this panel needs to decide anything with respect to ground two i would just note that the district court did not find that trial council established cause it found that appellate council established cause and there was no cross appeal on the issue of whether the district court made an incorrect finding on the the trial council cause argument and with that i would if there are no further questions i would submit okay any questions hearing none i want to thank miss brillick and mr baird for their effective advocacy of their clients perspectives this case will now be submitted and the parties will hear from us in due course
judges: GOULD, RAWLINSON, Zipps